FILED
U.S. District Court
District of Kansas
03/04/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CLYDE JAMES BARNES, JR.,**

Petitioner,

v.                                                  CASE NO. 26-3022-JWL

**TOMMY WILLIAMS,**

Respondent.

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Clyde James Barnes, Jr., a state prisoner incarcerated at El Dorado Correctional Facility in El Dorado, Kansas. The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, as explained below, it appears that the principles of comity and federalism weigh in favor of this Court declining to consider the claims in this matter at this time. Petitioner will be granted time in which to show cause why this matter should not be dismissed so that he may complete the pending state-court proceedings and exhaust the claims he wishes to bring in this federal habeas matter.

### Background

In May 2022, a jury in the District Court of Johnson County, Kansas convicted Petitioner of murder, aggravated burglary, tampering with an electronic monitoring device, criminal threat, and violating a protective order. (Doc. 1, p. 1); *see also State v. Barnes*, 320 Kan. 147, 148 (2025). In October 2022, the state district court sentenced him to more than 800 months in prison. (*See* Doc. 1, p. 1 (asserting sentence of 848 months in prison)); *see Barnes*, 320 Kan. at 154 (noting sentence of "lifetime imprisonment with a mandatory minimum of 620 months for first-degree

1

premeditated murder, plus additional consecutive sentences of 172, 19, and 7 months for aggravated burglary, tampering with electronic monitoring equipment, and criminal threat, respectively; it sentenced Barnes to a 12-month concurrent sentence for violating a protective order"). Petitioner pursued a direct appeal and on February 21, 2025, the Kansas Supreme Court issued an opinion affirming the convictions and sentence. *See Barnes*, 320 Kan. at 148. Petitioner advises that he did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 1, p. 4.)

On February 26, 2025, Petitioner filed in state district court—in his underlying criminal case—a motion to correct illegal sentence, arguing a lack of jurisdiction renders the judgment void. *Id.* at 4. On May 28, 2025, Petitioner began a new civil case ("the 60-1507 case") in state district court by filing a motion for state habeas relief under K.S.A. 60-1507. (Doc. 1, p. 4-6.) Petitioner advises that the 60-1507 case is still pending. *Id.* at 4.

On February 9, 2026, Petitioner filed in this Court the federal petition for writ of habeas corpus that began this federal habeas case. (Doc. 1.) Therein, he challenges the validity of his convictions and sentences, alleging multiple constitutional violations. *Id*. at 8-14. As relief, Petitioner asks this Court to vacate his sentence and convictions, order his immediate discharge, issue him a "certificate of innocence," and award him $368,328.00 in compensation for the wrongful convictions, pursuant to K.S.A. 60-5004(e)(1)(A). *Id.* at 17.

**Pending State-Court Proceedings**

The information now before this Court reflects that the 60-1507 case remains pending in the state district court. It also reflects that Petitioner's arguments in the 60-1507 case parallel at least some of the grounds for relief asserted in his federal habeas petition. For example, as Ground Four of the federal habeas petition, Petitioner attempts to "incorporate[] and submit[] all issues,

arguments, and authorities[] presented in habeas corpus petition filed pursuant to: K.S.A. 60-1507, memorandum in support, and exhibits." (Doc. 1, p. 12 (all errors in original).) Although the Court discourages federal habeas petitioners from this type of incorporation by reference, it is clear that Petitioner wishes to raise in this Court the grounds for relief that he is pursuing in the 60-1507 case.

"[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). This means that this Court generally will not decide issues, even federal constitutional issues, which are pending before the state courts. *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (holding that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate"). "The states' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).

Although the 60-1507 case is civil, not criminal, it nevertheless has the potential to directly affect Petitioner's criminal convictions and sentence. If Petitioner is successful in the 60-1507 case in the state district court or, if necessary, in a subsequent appeal, the Kansas courts may vacate part or all of his criminal convictions and sentence. Thus, this Court's consideration of Petitioner's habeas claims before the state court has had the opportunity to decide them would not serve the interests of comity or federalism.

Relatedly, Kansas prisoners seeking relief under 28 U.S.C. § 2254 generally must present federal constitutional issues to the Kansas Court of Appeals or the Kansas Supreme Court and be

3

denied relief before they may properly raise the same federal constitutional issues to this Court.[1] *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) (explaining how to exhaust a claim in Kansas state courts). This exhaustion requirement is well-established. In short, because Petitioner is currently pursuing relief from his state convictions and sentence in state court through the 60-1507 case and because the 60-1507 case involves at least some of the issues asserted in the federal habeas petition now before this Court, this Court is inclined to refrain from conducting habeas review of the convictions at issue. Rather, the Court finds it more appropriate to dismiss this action without prejudice so that Petitioner may complete his state-court proceedings.

Dismissal of this action without prejudice will not necessarily prevent Petitioner from filing a new federal habeas action after the conclusion of his K.S.A. 60-1507 proceedings in the Kansas state courts. A dismissal "without prejudice" is a "dismissal without barring the [petitioner] from returning later, to the same court, with the same underlying claim." *See Styskal v. Weld County Bd. of County Com'rs*, 365 F.3d 855, 858 (10th Cir. 2004) (internal quotation marks omitted) (quoting *Semtek Intl. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). Thus, the dismissal of this case without prejudice would not, by itself, preclude Petitioner from returning to this Court and filing a § 2254 petition after he exhausts state-court remedies and concludes the 60-1507 case—and any necessary appeal—in state court.

Petitioner is cautioned, however, that he will be required to comply with other rules

---

[1] An exception to the exhaustion requirement exists "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). In addition, the Tenth Circuit has explained that the Court may "ignore the exhaustion requirement altogether and deny the petition on the merits" because "none of the petitioner's claims has any merit." *See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). The Tenth Circuit also has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991). None of these exceptions appear to apply here.

regarding any future § 2254 petition, including the exhaustion requirement and the applicable statute of limitations. Federal habeas actions brought under 28 U.S.C. § 2254 are subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The Court has considered the statute of limitations as it applies to this matter and finds that it does not weigh against dismissal without prejudice.

The one-year limitation period generally runs from the date the judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

As noted above, the Kansas Supreme Court affirmed Petitioner's convictions and sentence in an opinion issued on February 21, 2025. Taking as true Petitioner's assertion that he did not file a petition for writ of certiorari, direct review of Petitioner's convictions concluded on approximately May 22, 2025, when the 90-day period in which Petitioner could file a petition for writ of certiorari expired. *See* Sup. Cr. R. 13(1) (allowing 90 days); *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (holding that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires"). The one-year

federal habeas limitation period began the following day. According to the information now before this Court, it ran only until May 28, 2025, when Petitioner filed his 60-1507 motion in state district court. At that point, the federal habeas limitation period paused, or was "statutorily tolled." *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thus, when the 60-1507 case concludes, Petitioner will have approximately 360 days in which to file a new § 2254 petition in this Court. It appears well within Petitioner's ability to meet that deadline.

## Conclusion

For the reasons set forth above, the Court concludes that this matter should be dismissed without prejudice so that Petitioner may complete his state-court proceedings under K.S.A. 60-1507. The Court will grant Petitioner time in which to show good cause, in writing, why this matter should not be dismissed without prejudice. If Petitioner fails to respond by the deadline set in this order, this matter will be dismissed without prejudice and without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including **April 6, 2026**, to show good cause, in writing, why this matter should not be dismissed without prejudice so that Petitioner may complete the related ongoing state-court proceedings.

**IT IS SO ORDERED.**

DATED:   This 4th day of March, 2026, at Kansas City, Kansas.

>S/ John W. Lungstrum
>JOHN W. LUNGSTRUM
>United States District Judge