**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CLYDE JAMES BARNES, JR.,

**Petitioner,**

v.                                                    CASE NO. 26-3022-JWL

TOMMY WILLIAMS,

**Respondent.**

**MEMORANDUM AND ORDER**

Petitioner and state prisoner Clyde James Barnes, Jr. brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. On March 4, 2026, the Court issued a memorandum and order to show cause ("MOSC") granting Petitioner time to show good cause, in writing, why this matter should not be dismissed without prejudice so that he may complete his related, pending state-court proceedings under K.S.A. 60-1507. (Doc. 4.) Petitioner timely filed a response to the MOSC. (Doc. 5.) For the reasons explained below, this matter will be dismissed without prejudice.

**Background**

In May 2022, a jury in the District Court of Johnson County, Kansas convicted Petitioner of murder, aggravated burglary, tampering with an electronic monitoring device, criminal threat, and violating a protective order. (Doc. 1, p. 1); *see also State v. Barnes*, 320 Kan. 147, 148 (2025). In October 2022, the state district court sentenced him to more than 800 months in prison. (*See* Doc. 1, p. 1; *Barnes*, 320 Kan. at 154. Petitioner pursued a direct appeal and on February 21, 2025, the Kansas Supreme Court issued an opinion affirming the convictions and sentence. *Barnes*, 320 Kan. at 148. Petitioner advises that he did not file a petition for writ of certiorari in the United

1

States Supreme Court. (Doc. 1, p. 4.)

On February 26, 2025, Petitioner filed in state district court—in his underlying criminal case—a motion to correct illegal sentence, arguing a lack of jurisdiction renders the judgment void. *Id.* at 4. On May 28, 2025, Petitioner began a new civil case ("the 60-1507 case") in state district court by filing a motion for state habeas relief under K.S.A. 60-1507. *Id.* at 4-6. Petitioner advises that the 60-1507 case is still pending. *Id.* at 4.

On February 9, 2026, Petitioner filed in this Court the federal petition for writ of habeas corpus that began this federal habeas case. (Doc. 1.) Therein, he challenges the validity of his convictions and sentences, alleging multiple constitutional violations. *Id*. at 8-14. As relief, Petitioner asks this Court to vacate his sentence and convictions, order his immediate discharge, issue him a "certificate of innocence," and award him $368,328.00 in compensation for the wrongful convictions, pursuant to K.S.A. 60-5004(e)(1)(A). *Id.* at 17.

The Court reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issued the MOSC related to exhaustion of Petitioner's asserted grounds for relief. (Doc. 4.) The MOSC noted that "Petitioner's arguments in the 60-1507 case parallel at least some of the grounds for relief asserted in his federal habeas petition," giving as an example Ground 4, which purports to incorporate by reference all issues from the 60-1507 case. *Id.* at 2-3.

The MOSC explained:

> "[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). This means that this Court generally will not decide issues, even federal constitutional issues, which are pending before the state courts. *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (holding that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate"). "The states' interest in administering their criminal justice

systems free from federal interference is one of the most powerful of the considerations that should influence a court." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).

Although the 60-1507 case is civil, not criminal, it nevertheless has the potential to directly affect Petitioner's criminal convictions and sentence. If Petitioner is successful in the 60-1507 case in the state district court or, if necessary, in a subsequent appeal, the Kansas courts may vacate part or all of his criminal convictions and sentence. Thus, this Court's consideration of Petitioner's habeas claims before the state court has had the opportunity to decide them would not serve the interests of comity or federalism.

Relatedly, Kansas prisoners seeking relief under 28 U.S.C. § 2254 generally must present federal constitutional issues to the Kansas Court of Appeals or the Kansas Supreme Court and be denied relief before they may properly raise the same federal constitutional issues to this Court. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) (explaining how to exhaust a claim in Kansas state courts). This exhaustion requirement is well-established. In short, because Petitioner is currently pursuing relief from his state convictions and sentence in state court through the 60-1507 case and because the 60-1507 case involves at least some of the issues asserted in the federal habeas petition now before this Court, this Court is inclined to refrain from conducting habeas review of the convictions at issue. Rather, the Court finds it more appropriate to dismiss this action without prejudice so that Petitioner may complete his state-court proceedings.

(Doc. 4, p. 3-4.)

The MOSC further explained that a dismissal of this action without prejudice would not prevent Petitioner from returning to this Court and filing a § 2254 petition in a new case after he exhausts available state-court remedies and any necessary appeals in state court, so long as Petitioner complies with other federal requirements such as the statute of limitations for filing petitions under § 2254. *Id.* at 4-5. The Court therefore granted Petitioner time in which to show cause why it should not dismiss this case. *Id.* at 5. Petitioner timely filed a response. (Doc. 5.)

**Discussion**

To the extent that Petitioner's response focuses on the strength of his arguments that he was convicted in violation of his constitutional rights (*see* Doc. 5, p. 3-6) or sentenced in violation

3

of K.S.A. 22-3504, *id.* at 2, his arguments are not persuasive. Simply put, the strength of Petitioner's underlying claims for federal habeas relief does not outweigh the interests of federalism and comity discussed in the MOSC. Similarly, Petitioner's argument that the delay in the state district court deciding the 60-1507 case justifies this Court considering his claims while related litigation remains pending in state court also fails. *See id.* at 4-5. The Court understands Petitioner's desire to resolve his state-court case as quickly as possible. As of the date of this order, however, it has been less than a year since Petitioner began the 60-1507 case. Therefore, the Court concludes that Petitioner has not experienced the type of delay in the 60-1507 case that would render state remedies ineffective and allow him to avoid the exhaustion requirement. *Compare Hill v. Reynolds*, 924 F.2d 1494, 1497-98 (10th Cir. 1991) (allowing petitioner to avoid exhaustion requirement when the state-court appeal had been pending for 3 years and 4 months despite petitioner's multiple requests to his counsel to expedite the appeal).

Petitioner further asserts in his response to the MOSC that the state courts lacked subject matter jurisdiction to convict and sentence him, a claim that was exhausted during his direct appeal, when he raised it in his pro se supplemental brief. (Doc. 5, p. 2-3.) But according to the petition filed in this case, Petitioner has also raised this issue through the currently pending 60-1507 case. (Doc. 1, p. 11.) This Court generally will not decide issues, even federal constitutional issues, which are pending resolution in state courts. And even though Ground Three may have been exhausted in Petitioner's direct appeal, the 60-1507 case that remains pending has the potential to directly affect Petitioner's criminal convictions and sentence because if Petitioner is successful in the 60-1507 case, the state courts may vacate part or all of those convictions and sentence. Accordingly, this matter will be dismissed without prejudice[1] so that Petitioner may complete the

---

[1] The Court emphasizes to Petitioner that the dismissal is *without* prejudice, meaning that this dismissal will not prevent him from filing another petition for federal habeas relief under § 2254 and the 60-1507 case is final. Petitioner

ongoing state-court proceedings and give the state courts the first opportunity to cure the constitutional violations he alleges occurred in his state criminal prosecution.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order in a habeas matter.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 26th day of March, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

---

must, however, comply with requirements for filing such a petition, including doing so within the applicable statute of limitations.

5